IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00145-PAB

UNITED STATES OF AMERICA

    Plaintiff,

v.

LEON ASKEW,

    Defendant.

## MOTION TO SUPPRESS MR. ASKEW'S UNWARNED STATEMENTS

Defendant Leon Askew, through counsel, moves to suppress the unwarned statements he allegedly made at the Colorado Springs Airport under the Fifth Amendment to the United States Constitution. As grounds:

### APPLICABLE LAW

In *Miranda v. Arizona*, the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates that use of procedural safeguards effective to secure the [Fifth Amendment] privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "Any person subject to custodial interrogation is constitutionally entitled to receive *Miranda* rights, and a failure to receive these rights makes any subsequent statements *per se* inadmissible." *United States v. Fisher*, 215 F. Supp. 2d 1212, 1214 (D.N.M. 2002) (citing *Dickerson v. United States*, 530 U.S. 428, (2000); *Miranda*, 384 U.S. at 444)).

An individual is "in custody" for Fifth Amendment purposes when there is a "restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam) (cleaned up; quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam)). Meanwhile, interrogation involves either "express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980).

Relevant here, federal courts have concluded that—although brief administrative searches and questioning are impliedly consensual as part of air travel—targeted questioning of specific travelers implicates the Fifth Amendment. *Compare Brown v. Texas*, 443 U.S. 47, 51 (1979) (holding that limited "checkpoint searches" are permissible under the Fourth Amendment), *with Fla. v. Royer*, 460 U.S. 491, 507 (1983) (but holding that questioning in a separate airport office without benefit of *Miranda* warnings requires suppression under the Fifth Amendment). In *United States v. Salinas*, for example, the Fifth Circuit noted that the aims of general airport security quickly give way to the Fifth Amendment:

> Thousands of persons enter the country daily and are subject to some degree of detention while their luggage is searched and they are asked routine questions concerning citizenship, destination, whether they have items to declare, questions regarding contraband and the like. To hold that questions of these types or routine border searches of luggage place a person "in custody" within the meaning of *Miranda* would unduly distort that case.
>
> **However, when the border search or detention becomes more than routine,** such as when a person is discovered to be concealing suspicious materials, or when a person is taken

to a private room and strip searched, as here, **a different outcome obtains**.

*Id.*, 439 F.2d 376, 380 (5th Cir. 1971) (paragraph added, emphases added).

More recently, in *Royer*, the Supreme Court held that *Miranda* warnings are required when a defendant is interrogated at an airport under the following circumstances:

> 1) agents question the individual in a separate office or area;
>
> 2) agents retain the individual's ticket and/or identification;
>
> 3) agents retain the individual's luggage; and,
>
> 4) agents fail to inform the individual he is free to leave.

*See Royer*, 460 U.S. at 507; *United States v. Moody*, 649 F.2d 124, 127-28 (2d Cir. 1981) (holding that questioning after suspicious materials were found on defendant, in a private room at border checkpoint, was a custodial interrogation implicating *Miranda*).

Ultimately, the government alone bears the burden of proof by a preponderance of the evidence that an individual's statements were both voluntary and that *Miranda* warnings were not necessary. *See Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986). If the government fails to meet this burden, the statement, along with any evidence discovered as a result thereof, must be suppressed. *Id.*; *Wong Sun v. United States*, 371 U.S. 471 (1963); U.S. Const. amend. V.

## RELEVANT FACTS

In this case, Mr. Askew has been charged with two counts of illegal possession of a weapon and ammunition by a felon, under Title 18, United States Code, Section

922(g)(1). The government alleges that, on January 31, 2022, Mr. Askew violated this law because he is a convicted felon who proceeded through TSA security at the Colorado Springs Airport with an unloaded firearm and loaded magazine in his carry-on luggage. The firearm that was seized on January 31, 2022 is the basis for Count #1.

Upon identifying a firearm was in Mr. Askew's carry-on luggage, Mr. Askew was stalled at the checkpoint and frisked by a TSA agent. Two police officers from the Colorado Springs Police Department arrived at the checkpoint. Officers seized the bag and Mr. Askew's identification card and ordered Mr. Askew to a private security area separated from the general public. Colorado Springs Officer Reed guarded Mr. Askew while Officer Schmeiler opened Mr. Askew's bag, searched it, and removed a firearm and magazine. In response to an unwarned interrogation thereafter, officers allege that Mr. Askew admitted that the firearm was his. Mr. Askew was not *Mirandized* during this interaction, nor informed of his rights.

## **ARGUMENT**

This Court should suppress Mr. Askew's alleged statements to airport security agents because, as in *Royer*, 460 U.S. at 507, they involved unwarned, custodial interrogation. Specifically, Mr. Askew was in custody because:

1) agents suspected criminal activity;
2) agents directed Mr. Askew to move to an area separated from the general public;
3) agents questioned Mr. Askew in an area separated from the general public;

4

      4) agents retained Mr. Askew's identification card;

      5) agents retained Mr. Askew's carry-on luggage;

      6) agents failed to inform Mr. Askew he was free to leave; and,

      7) agents failed to inform Mr. Askew that he could refuse to answer questions.

*See Royer*, 460 U.S. at 507.

These circumstances demonstrate that the agents' direct questioning was a custodial interrogation subject to the protection of the Fifth Amendment. As noted in *Salinas*, "when the border search or detention becomes more than routine," Fifth Amendment protection applies. *Salinas*, 439 F.2d at 380. Here, that is clearly the case.

First, Mr. Askew was in custody. This was not a routine administrative search imposed on every member of the general public, but a targeted and specific investigation into Mr. Askew's suspected criminal activity. As specifically noted by Officer Schmeiler, law enforcement officers were summoned to investigate Mr. Askew's luggage and directed Mr. Askew to a segregated area of the security checkpoint—while retaining his essential possessions—for purposes of questioning him. *See Moody*, 649 F.2d at 127–28 (holding that questioning conducted after suspicious materials were found on defendant in a private room at border checkpoint was a custodial interrogation); *United States v. Charbonneau*, 979 F. Supp. 1177, 1181-82 (S.D. Ohio 1997) ("In sum, the agents' actions demonstrate that Defendant was not in the room voluntarily. Therefore, Defendant was in custody at the airport" for *Miranda* purposes). Thus, at the time he was questioned, Mr. Askew was in custody for *Miranda* purposes.

Second, there is no question that Mr. Askew's statements were made in direct response to "express questioning or its functional equivalent." *Innis*, 446 U.S. at 300-01.

For these reasons, the government cannot meet its burden of proof by a preponderance of the evidence that *Miranda* warnings were not necessary, *Connelly*, 479 U.S. at 168-69, and suppression of Mr. Askew's statements is required by the Fifth Amendment under *Miranda*, 384 U.S. at 444. U.S. Const. amend. V.

Dated: February 1, 2023

Respectfully submitted,

s/ *Dru Nielsen*
Dru Nielsen
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: dnielsen@hmflaw.com

*Attorney for Leon Askew*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing *Motion to Suppress Mr. Askew's Unwarned Statements* the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Savanna Benninger*
Savanna Benninger