**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-CR-00145-PAB

UNITED STATES OF AMERICA

      Plaintiff,

v.

LEON ASKEW,

      Defendant.

---

## MOTION TO SUPPRESS MR. ASKEW'S INVOLUNTARY STATEMENTS

---

Defendant Leon Askew, through counsel, moves to suppress the involuntary statements he allegedly made at the Colorado Springs Airport under the Fifth Amendment to the United States Constitution. As grounds:

### APPLICABLE LAW

The Fifth Amendment prohibits the government's use of a defendant's compelled testimony. *Oregon v. Elstad*, 470 U.S. 298, 306-07 (1985); U.S. Const. amend. V. An individual's statement is deemed to be "coerced" when the conduct of law enforcement officials overbears his will, either by physical compulsion or psychological coercion. *See Arizona v. Fulminante*, 499 U.S. 279, 285-89 (1991); *Beckwith v. United States*, 425 U.S. 341, 347-48 (1976).

In determining whether a statement is involuntary under the Fifth Amendment, district courts look at the totality of the circumstances to determine if it was elicited by unconstitutional means. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *United*

*States v. Young*, 964 F.3d 938, 942 (10th Cir. 2020) ("Voluntariness is determined under the totality of the circumstances, and no single factor is determinative.").

These factors are viewed from the standpoint of the individual being questioned, not the government. *See Young*, 964 F.3d at 944. Relevant considerations include: the age, education, and intelligence of the individual; whether the individual is informed he is free to leave; whether the individual is *able* to leave; the length of the questioning; and the nature of the questioning. *See id.* The lack of *Miranda* warnings is also an important factor in determining whether coercion was present. *See United States v. Watson*, 423 U.S. 411, 425 (1976). As indicated, this analysis "does not favor any one of these factors over the others—it is a case-specific inquiry where the importance of any given factor can vary in each situation." *Sharp v. Rohling*, 793 F.3d 1216, 1233 (10th Cir. 2015).

The government alone bears the burden of proving that an individual's statements in response to police questioning were voluntary. *See Colorado v. Connelly*, 479 U.S. 157, 168–69 (1986). If the government fails to meet this burden, the individual's statements, along with any evidence discovered as a result thereof, must be suppressed. *Id.*; *Wong Sun v. United States*, 371 U.S. 471 (1963); U.S. Const. amend. V.

## **RELEVANT FACTS**

In this case, Mr. Askew has been charged with two counts of illegal possession of a weapon and ammunition by a felon, under Title 18, United States Code, Section 922(g)(1). The government alleges that, on January 31, 2022, Mr. Askew violated this

2

law because he is a convicted felon who proceeded through TSA security at the Colorado Springs Airport with an unloaded firearm and loaded magazine in his carry-on luggage. The firearm seized by law enforcement on January 31, 2022 is the basis for Count #1.

Upon identifyingting that a firearm was in Mr. Askew's carry-on luggage, Mr. Askew was stalled at the checkpoint and frisked by a TSA agent. Two police officers from the Colorado Springs Police Department arrived at the checkpoint. Officers seized the bag and Mr. Askew's identification card and ordered Mr. Askew to a private security area separated from the general public. Colorado Springs Officer Reed guarded Mr. Askew while Officer Schmeiler opened Mr. Askew's bag, searched it, and removed a firearm and magazine. In response to an unwarned interrogation thereafter, officers allege that Mr. Askew admitted that the firearm was his. Mr. Askew was not *Mirandized* during this interaction, nor informed of his rights.

## ARGUMENT

This Court should suppress Mr. Askew's alleged statements to law enforcement because they were involuntary under the Fifth Amendment.

First, there is no indication that Mr. Askew understood that the seizure of his luggage and/or identification card nonetheless permitted him to cease questioning and carry on with his travel itinerary. Indeed, the Supreme Court already holds that retaining someone's driver's license in a nearly identical context prevents them from leaving and, by virtue of that very fact, involuntarily detained. *Florida v. Royer*, 460 U.S. 491, 501-02

(1983) (holding that when airport agents "asked [the defendant] to accompany them to the police room, while retaining his ticket and driver's license and without indicating in any way that he was free to depart, [the defendant] was effectively seized" and "[t]hese circumstances surely amount to a show of official authority such that 'a reasonable person would have believed he was not free to leave.'").

Second, there were numerous uniformed and weaponized TSA agents and police officers controlling Mr. Askew's movements at the security checkpoint when Officer Schmeiler directed Mr. Askew to the "private screening area."

Third, Mr. Askew was not told he could leave, and without his personal items and identification card, he *could not* leave. This would "critically impair" Mr. Askew's "capacity for self-determination, rendering his confession involuntary." *Young*, 964 U.S. at 946.

Fourth, the agents' questioning was not innocuous or innocent. Agents explicitly and directly asked Mr. Askew to confess to a federal crime. 49 U.S.C. § 46505 (carrying a handgun with accessible ammunition on an airplane is a federal offense).

Contrary to emerging best practices, "the interrogation was not recorded, resulting in the loss of irreplaceable information, such as the actual words spoken by the participants, their body language, facial expressions and tone of voice, and other nuances that cannot be conveyed by an after-the-fact, written report." *United States v. Bundy*, 966 F. Supp. 2d 1180, 1185 (D.N.M. 2013). Taking Officer Schmeiler's self-serving affidavit at face value, it contains no information about Mr. Askew's understanding of the encounter, "severely handicapping" the Court's analysis and

4

reducing the government's burden of proof. *Id.* at 1187-88 ("The United States, not Defendant, bears the burden of proof. The United States must convince the Court [] that Defendant's confession was voluntary.").

Finally, and most critically, Mr. Askew was not *Mirandized* prior to agent questioning, a classic hallmark of psychological coercion. *See Watson*, 423 U.S. at 425.

For these reasons, the government cannot meet its burden of proving Mr. Askew's alleged statements were voluntary, *Connelly*, 479 U.S. at 168-69, and suppression of those statements is therefore required by the Fifth Amendment. *See Fulminante*, 499 U.S. at 285-89; *Beckwith*, 425 U.S. at 347-48; U.S. Const. amend. V.

Dated February 1, 2023

Respectfully submitted,

s/ *Dru Nielsen*

Dru Nielsen
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: dnielsen@hmflaw.com

*Attorney for Leon Askew*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing

*Motion to Suppress Mr. Askew's Involuntary Statements with* the Clerk of Court using

the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Savanna Benninger*
Savanna Benninger