**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-CR-00145-PAB

UNITED STATES OF AMERICA

      Plaintiff,

v.

LEON ASKEW,

      Defendant.

---

**MOTION TO SUPPRESS THE WARRANTLESS AND NONCONSENSUAL**
**SEARCH OF MR. ASKEW'S LUGGAGE**

---

Defendant Leon Askew, through counsel, moves to suppress the nonconsensual and warrantless search of his luggage at the Colorado Springs Airport under the Fourth Amendment to the United States Constitution. As grounds:

<u>**APPLICABLE LAW**</u>

The Fourth Amendment promises: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This guarantee was designed to prevent "exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

Relevant here, although cursory airport "checkpoint searches are permissible under the Fourth Amendment," *Brown v. Texas*, 443 U.S. 47, 51 (1979), warrantless

exploration inside an individual's luggage is unreasonable under the Fourth Amendment even where officers have observed illicit contents inside the bag "through the x-ray machine at the airport boarding gate," *Pyszka v. State*, 400 So. 2d 486, 486 (Fla. Dist. Ct. App. 1981) (holding that search was reasonable because the "carry-on bag was opaque and could not be visualized through the x-ray machine"). In such cases, TSA agents must either obtain a warrant or consent to search. *See id.*; *United States v. Miner*, 484 F.2d 1075, 1076 (9th Cir. 1973).

The government alone bears the burden of proving that a warrantless search complied with the Fourth Amendment. *See United States v. Neugin*, 958 F.3d 924, 930 (10th Cir. 2020); *United States v. Turner*, 553 F.3d 1337, 1344 (10th Cir.2009) ("The government bears the burden of demonstrating that a given search was reasonable under the circumstances."). If the government fails to meet this burden, the items discovered in the search, along with any evidence discovered as a result thereof, must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963); U.S. Const. amend. IV.

## RELEVANT FACTS

In this case, Mr. Askew has been charged with two counts of illegal possession of a weapon and ammunition by a felon, under Title 18, United States Code, Section 922(g)(1). The government alleges that, on January 31, 2022, Mr. Askew violated this law because he is a convicted felon who proceeded through TSA security at the Colorado Springs Airport with an unloaded firearm and loaded magazine in his carry-on luggage. This is the basis for Count #1.

Upon seeing through the x-ray machine that a firearm was in Mr. Askew's carry-on luggage, Mr. Askew was stalled at the checkpoint and frisked by a TSA agent. Two police officers from the Colorado Springs Police Department arrived at the checkpoint. Officers seized the bag and Mr. Askew's identification card and ordered Mr. Askew to a private security area separated from the general public. Colorado Springs Officer Reed guarded Mr. Askew while Officer Schmeiler opened Mr. Askew's bag, searched it, and removed a firearm and magazine. Officers did not apply for a search warrant after identifying the firearm and prior to opening the bag, nor did Mr. Askew consent to the search.

## ARGUMENT

This Court should suppress the nonconsensual and warrantless search inside Mr. Askew's luggage, as required by the Fourth Amendment.

To begin, it is undisputed that Officer Schmeiler was called to the TSA security lane because agents observed a firearm in Mr. Askew's luggage on the x-ray machine. Thus, unlike the search in *Pyszka v. State*, 400 So. 2d at 486, a second search into the luggage was unreasonable. Officers had probable cause to seize the bag and apply for a warrant to search it, but to enter the bag and explore its contents without limitation or judicial authorization was illegal. *See Miner*, 484 F.2d at 1076 ("At that point, the airline employees would have been justified in refusing to permit [the defendant] to fly, but they could not compel him to submit to further search."). "Time and again," the Supreme Court has declared "that searches and seizures conducted outside the judicial process,

without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993).

Furthermore, Mr. Askew did not consent to the internal search of his luggage. To the contrary, TSA agents seized Mr. Askew's luggage after seeing the firearm through the X-ray machine, officers moved it to a separate search area, and began to rifle through it. Mr. Askew was not asked permission to search, nor told he could refuse their search. The absence of voluntary consent in these circumstances further shows the unreasonableness of law enforcement's actions. *See Miner,* 484 F.2d at 1076; *see also United States v. Ruiz-Estrella*, 481 F.2d 723, 728 (2d Cir. 1973) ("The fact that a suspect, who has not been warned of his right to refuse the [TSA] search, silently hands over his bag in such circumstances will not support the inference of freely given consent.").

For these reasons, the government cannot meet its burden of showing that the nonconsensual and warrantless search inside Mr. Askew's carry-on luggage complied with the Fourth Amendment to the United States Constitution and, therefore, suppression is required. *Dickerson*, 508 U.S. at 372; *Wong Sun*, 371 U.S. 471; U.S. Const. amend. IV.

Dated: February 1, 2023

Respectfully submitted,

s/ *Dru Nielsen*

Dru Nielsen
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: dnielsen@hmflaw.com

*Attorney for Leon Askew*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2023, I electronically filed the foregoing *Motion to Suppress the Warrantless and Nonconsensual Search of Mr. Askew's Luggage with* the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Savanna Benninger*
Savanna Benninger