IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-CR-00145-PAB

UNITED STATES OF AMERICA

      Plaintiff,

v.

LEON ASKEW,

      Defendant.

---

**MOTION TO SUPPRESS THE WARRANTLESS AND INVOLUNTARY
SEARCH OF MR. ASKEW'S VEHICLE**

---

Defendant Leon Askew, through counsel, moves to suppress the nonconsensual and warrantless search of his vehicle under the Fourth Amendment to the United States Constitution. As grounds:

## APPLICABLE LAW

The Fourth Amendment promises: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Time and again," the Supreme Court has declared "that searches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment." *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993).

One exception to the warrant requirement is when an individual voluntarily consents to a search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). The question of voluntariness is: is the consent "the product of an essentially free and unconstrained choice by its maker?" *Id.* at 225 (citation omitted). "If it is not, if his will has been overborne and his capacity for self-determination critically impaired," his consent is involuntary as a matter of due process. *Id.* As suggested by the nature of this inquiry, "[v]oluntariness is determined under the totality of the circumstances." *United States v. Young*, 964 F.3d 938, 942 (10th Cir. 2020). Relevant considerations include: the age, education, and intelligence of the individual; whether the individual is informed he is free to leave; whether the individual is *able* to leave; the length of the questioning; and the nature of the questioning. *Bustamonte*, 412 U.S. at 226. No one factor is controlling; voluntariness "is a case-specific inquiry where the importance of any given factor can vary in each situation." *Sharp v. Rohling*, 793 F.3d 1216, 1233 (10th Cir. 2015).

Finally, "[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." (quoting *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)). If the State fails to meet this burden, suppression of the evidence directly and indirectly stemming from the unconstitutional search is required. *Dickerson*, 508 U.S. at 372; *Wong Sun*, 371 U.S. 471; U.S. Const. amend. IV.

## **RELEVANT FACTS**

In this case, Mr. Askew has been charged with two counts of illegal possession of a weapon and ammunition by a felon, under Title 18, United States Code, Section 922(g)(1). The government alleges that, on January 31, 2022, Mr. Askew violated this law because he is a convicted felon who proceeded through TSA security at the Colorado Springs Airport with an unloaded firearm and loaded magazine in his carry-on luggage. This is the basis for Count #1.

Upon suspecting a firearm was in Mr. Askew's carry-on luggage, Mr. Askew was stalled at the checkpoint and frisked by a TSA agent. Two police officers from the Colorado Springs Police Department arrived at the checkpoint. Officers seized the bag and Mr. Askew's identification card and ordered Mr. Askew to a private security area separated from the general public. Colorado Springs Officer Reed guarded Mr. Askew while Officer Schmeiler opened Mr. Askew's bag, searched it, and removed a firearm and magazine. In response to a brief and unwarned interrogation thereafter, officers allege that Mr. Askew admitted that the firearm was his.

After law enforcement seized the firearm and magazine, they released Mr. Askew to continue with his travel itinerary.

Approximately a week after this incident at the airport, on February 7, 2022, Colorado Springs Police Detective Exley completed a search warrant application for Mr. Askew's home. On February 10, 2022, ten days after the incident at the airport, Mr. Askew was arrested outside the apartment at 3737 Westmeadow Drive. In his arrest report, Detective Exley stated that, while Mr. Askew "was seated in the rear of a police

3

vehicle in handcuffs," he asked Mr. Askew if he could "search his Jeep Cherokee automobile." Detective Exley averred that he "informed [Mr. Askew] that he did not have to allow me to search the vehicle," but that Detective Exley could always "apply for a search warrant through the local courts" and search the vehicle anyway.

Upon learning that his consent was futile, Mr. Askew consented to the search of his car, where officers discovered and seized an empty firearm holster. One reason why the government should not be permitted to introduce the empty firearm holster at trial is because the search of the car was in violation of Mr. Askew's constitutional rights.

## **ARGUMENT**

This Court should suppress the search of Mr. Askew's vehicle because the government cannot prove that Mr. Askew's consent was voluntary, as required by the Fourth Amendment.

To begin, at the time Mr. Askew allegedly gave consent, he was handcuffed in a police car and under arrest for a felony offense. *See United States v. Smoker*, 75 F. App'x 570, 571 (9th Cir. 2003) (holding that consent to search vehicle was involuntary because, *inter alia*, the defendant "was handcuffed and placed in backseat of police vehicle" at the time he gave consent).

Second, although Mr. Askew may have been informed that a search warrant would be required if he refused consent, the implication from Detective Exley was that the warrant would be granted, such that Mr. Askew's refusal was futile. *See Smoker*, 75 F. App'x at 571 (recognizing that a suggestion of futility is coercive).

Relatedly, there is a suggestion that Mr. Askew hesitated to give consent <u>until</u> Detective Exley suggested that Mr. Askew's refusal would be pointless if he obtained a search warrant. *See Fla. v. Bostick*, 501 U.S. 429, 436 (1991) ("[T]he appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter."). Mr. Askew would not, given this suggestion, feel free to refuse.

Finally, there were multiple armed officers at the scene surrounding Mr. Askew while he was under arrest and "asked" to give consent to search, which is an inherently intimidating environment. *See United States v. Chandler*, 744 F. Supp. 333, 334 (D.D.C. 1990) (recognizing that an "intimidating atmosphere" can create "an environment in which the defendant felt compelled to accede to what the officers wanted").

For these reasons, the government cannot meet its burden of proving Mr. Askew's alleged consent to search his vehicle was voluntary, and therefore that search was unconstitutional under the Fourth Amendment and suppression is required. *See Bustamonte*, 412 U.S. at 225-26; *Wong Sun*, 371 U.S. 471; U.S. Const. amend. V.

Dated: February 1, 2023

        Respectfully submitted,

        s/ *Dru Nielsen*
        Dru Nielsen
        Haddon, Morgan and Foreman, P.C.
        950 17th Street, Suite 1000
        Denver, CO 80202
        Phone: 303.831.7364
        Fax: 303.832.2628
        Email: dnielsen@hmflaw.com

        *Attorney for Leon Askew*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing *Motion to Suppress the Warrantless and Involuntary Search of Mr. Askew's Vehicle* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                  s/ *Savanna Benninger*
                                                  Savanna Benninger