**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-CR-00145-PAB

UNITED STATES OF AMERICA

    Plaintiff,

v.

LEON ASKEW,

    Defendant.

---

**MOTION TO SUPPRESS THE UNCONSTITUTIONAL SEARCH
OF MR. ASKEW'S RESIDENCE**

---

Defendant Leon Askew, through counsel, moves to suppress the search of his residence because the accompanying warrant was not supported by probable cause, in violation of the Fourth Amendment to the United States Constitution. As grounds:

## **APPLICABLE LAW**

The Fourth Amendment promises: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This guarantee was designed to prevent "exploratory rummaging in a person's belongings" that was "abhorred by the colonists." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). In turn, if a defendant shows that the warrant was not supported by probable cause, all items obtained as a

result of that warrant must be suppressed. *Id.*; *United States v. Bullcoming*, 22 F.4th 883, 891 (10th Cir.), *cert. denied*, 213 L. Ed. 2d 1030 (2022).

To determine whether probable cause exists to justify a search warrant, a magistrate judge must "'make a practical, common-sense decision whether, given all the facts in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying . . . information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Kennedy*, 131 F.3d 1371, 1378 (10th Cir. 1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). This is a heightened standard; probable cause requires that the magistrate have a "substantial basis" under the totality of the circumstances to conclude "that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236-38 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Notably, even if a search warrant is unsupported by probable cause, the evidence seized may still be admissible under the good faith exception to the exclusionary rule as long as the officers *reasonably* relied upon the warrant. *United States v. Leon*, 468 U.S. 897, 922 (1984) ("a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."); *cf.* Wayne LaFave, 1 Search & Seizure § 1.3(g) (6th ed., Oct. 2022 Update) (noting that the good faith exception fosters "a careless attitude toward detail on the part of law enforcement officials" by encouraging "police to see what can be gotten away with.") (citation omitted).

Critical here, however, the good faith exception to a defective warrant does not apply "when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, the officer cannot be said to have acted in good-faith reliance on the magistrate's determination, and suppression is appropriate." *United States v. Knox*, 883 F.3d 1262, 1270 (10th Cir. 2018) (internal citations and quotations omitted); *see also Leon*, 468 U.S. at 923.

## **RELEVANT FACTS**

In this case, Mr. Askew has been charged with two counts of illegal possession of a weapon and ammunition by a felon, under Title 18, United States Code, Section 922(g)(1). The government alleges that, on January 31, 2022, Mr. Askew violated this law because he is a convicted felon who proceeded through TSA security at the Colorado Springs Airport with an unloaded firearm and loaded magazine in his carry-on luggage.

Upon suspecting a firearm was in Mr. Askew's carry-on luggage, Mr. Askew was stalled at the checkpoint and frisked by a TSA agent. Two police officers from the Colorado Springs Police Department arrived at the checkpoint. Officers seized the bag and Mr. Askew's identification card and ordered Mr. Askew to a private security area separated from the general public. Colorado Springs Officer Reed guarded Mr. Askew while Officer Schmeiler opened Mr. Askew's bag, searched it, and removed a firearm and magazine. In response to a brief and unwarned interrogation thereafter, officers allege that Mr. Askew admitted that the firearm was his.

After law enforcement seized the firearm and magazine, they released Mr. Askew to continue with his travel itinerary.

After Mr. Askew was released, Detective Exley learned that Mr. Askew had a prior felony conviction and applied for a warrant for Mr. Askew's arrest. In addition, although officers retained the firearm and loaded magazine, Detective Exley applied for a search warrant of Mr. Askew's home to try and locate further indicia supporting the criminal charge. Approximately a week after this incident at the airport, on February 7, 2022, Colorado Springs Police Detective Exley completed a search warrant application for Mr. Askew's home.

In his affidavit supporting his application for a search warrant, Detective Exley stated that in early February, he learned Mr. Askew had returned from his trip and resumed his employment as a security guard for American Eagle Security Company. Detective Exley thus believed that Mr. Askew *may* have obtained another gun for work, and therefore a search of Mr. Askew's home *might* uncover additional firearms, amunitions, or evidence of firearm possession. Officer Exley explained:

> Mr. Askew should not be employed as an armed security guard as he claimed and employment paperwork, to include pay stubs and initial hiring paperwork, could prove whether or not he lied about his criminal history or how he came to obtain the job. It is also believed that, as it is unlawful for Mr. Askew to possess a firearm or purchase a firearm, any sales paperwork, packaging materials related to firearms, or other evidentiary item related to the sale or procurement of a firearm that Mr. Askew may have in his possession related to how he came to be in possession of a firearm against his convicted felony history, would be of evidentiary value for a subsequent criminal prosecution.

Because additional evidence of firearm ownership would be useful to the prosecution for unlawful possession of a weapon by a previous offender, Detective Exley requested a warrant to search Mr. Askew's home at 3737 Westmeadow Drive, #201, Colorado Springs, Colorado.

The warrant request was granted by an El Paso Magistrate Judge at 5:26pm on February 7, 2022. On February 10, 2022, ten days after the incident at the airport, Mr. Askew was arrested outside his apartment and officers executed the search warrant. During the search, officers located a pistol box with miscellaneous parts for a pistol, a pistol magazine containing live ammunition, and a box of ammunition. These items form the basis of Count #2

## **ARGUMENT**

This Court should suppress the search of Mr. Askew's residence because the accompanying search warrant was not supported by probable cause, as required by the Fourth Amendment, and no reasonable officer would conclude otherwise.

In this case, there was not a "fair probability" under the circumstances that a search of Mr. Askew's home would uncover evidence of firearms possession, such that the magistrate had a "substantial basis" beyond mere speculation to conclude "that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 238. Detective Exley simply had no information to conclude that any evidence of firearms possession would be in Mr. Askew's home, particularly where the only tie to his alleged firearms possession was Mr. Askew's place of employment. An officer's mere suspicion of where further evidence of criminal wrongdoing might be located, however reasonable, simply

does not rise to the level of probable cause. *See Heien v. North Carolina*, 574 U.S. 54, 60 (2014).

Indeed, a "mere possibility that a crime could be occurring within a home is not sufficient to justify a warrantless search; the police must have an objectively reasonable basis for their belief that a crime is being committed. Likewise, mere speculation that a crime could be occurring is insufficient to establish probable cause." *United States v. McClain*, 444 F.3d 556, 563 (6th Cir. 2005) (internal citations, quotations omitted).

Here, Detective Exley's affidavit is based exclusively on the inferential leap that if Mr. Askew returned to work as a security officer, his home would contain evidence of firearms possession. This was total speculation and, even if reasonable, does not amount to probable cause. *See id.* An equally reasonable inference inherent in Detective Exley's logic is that, because officers seized the firearm at the airport and retained possession of it, there would be *no* additional evidence of the firearm at Mr. Askew's home, further militating against the warrant's "substantial" evidentiary basis for entering and searching Mr. Askew's home.

In fact, as shown from the affidavit itself, Detective Exley had no actual, objective basis to suspect evidence of firearms possession would be in the home; no one had seen Mr. Askew carrying such items into or from the home, it was inferred that the firearm was used at Mr. Askew's place of employment, not for personal use at home, and there was no information as to how Mr. Askew may have obtained the firearm for work. Thus, there was simply no "substantial" evidence that evidence of firearms possession was likely to be in the residence. *See id.*

For similar reasons, the good faith exception does not save the invalid warrant under the circumstances of this case. Specifically, no reasonable officer would view the warrant and its supporting affidavit and conclude that, where Mr. Askew's firearm and magazine were (1) seized by TSA security (2) ten days prior to the search of the residence and (3) were potentially used at his place of employment, there was an objectively reasonable and *substantial* likelihood that further evidence would be located inside Mr. Askew's home. *See Knox*, 883 F.3d at 1272 ("a suppression court's assessment of an officer's good faith is confined to reviewing the four corners of the sworn affidavit"). It was Detective Exley's pure speculation to believe otherwise. Accordingly, the good faith exception does not apply, and suppression is required. *See Leon*, 468 U.S. at 920-23.

For these reasons, the search warrant lacked probable cause in violation of the Fourth Amendment, the good faith exception did not otherwise justify that constitutional infirmity, and therefore suppression of the items unlawfully obtained from Mr. Askew's home, "including all derivative evidence flowing from it," must be suppressed. *McClain*, 444 F.3d at 564 (citing *Segura v. United States*, 468 U.S. 796, 804 (1984)); U.S. Const. amend. IV.

Dated: February 1, 2023

Respectfully submitted,

s/ *Dru Nielsen*
Dru Nielsen
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: dnielsen@hmflaw.com

*Attorney for Leon Askew*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing *Motion to Suppress the Unconstitutional Search of Mr. Askew's Residence* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Savanna Benninger*
Savanna Benninger
