IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00145-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

LEON ASKEW,

       Defendant.

**UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE
AND TO VACATE AND RESET THE MOTIONS HEARING AND
TRIAL**

       Defendant, Leon Askew, by and through counsel Dru Nielsen, moves this Court to exclude 60 days from the speedy trial computation and to continue the Motion Hearing currently set February 17, 2023, and the Jury Trial currently set to begin on March 6, 2023. This Motion is unopposed by the government. Mr. Askew asserts that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. As grounds:

       On May 4, 2022, a two-count indictment was filed against Mr. Askew. Doc. #1. Mr. Askew made his initial appearance on December 30, 2022. A detention hearing, arraignment, and discovery conference was held on January 10, 2023. Doc. #13. The same day, this Court issued an Order Setting Trial Dates and Deadlines. Doc. #17.

       Counsel for Mr. Askew filed five suppression motions on February 1, 2023. Those motions were set for a hearing on February 17, 2023. Doc. #26. On February 3, 2023, undersigned counsel filed an Unopposed Motion for Leave to File an Additional Motion

Past the Filing Deadline based on the decision in *United States v. Rahimi*, which was decided on February 2, 2023.  Doc. #28.  The government has expressed that this issue is important to the Department of Justice and anticipates that it will need extensive time to research and brief this issue.

The Court granted Mr. Askew's request to file the motion past the previously set motion deadline, allowing Mr. Askew to file the anticipated motion by February 13, 2023. Doc. #30.  Currently, the government's deadline to file a response is February 23, 2023. *Id.*  Currently, the government's deadline to file a response to Mr. Askew's anticipated motion challenging the constitutionality of the statute is past the motion hearing date of February 17, 2023.

The Speedy Trial Action mandates that trial in a criminal defendant's case commence seventy days from the date of the defendant's initial appearance or indictment.  § 18 U.S.C. 3161(c)(1) (2008).

However, Section § 3161(h) of the Act excludes certain delays form the 70-day calculation.  *Bloate v. United States*, 559 U.S. 196, 203 (2010).  A court may grant a defendant's request for a continuance based upon its findings that the ends of justice served by such action outweigh the best interest of the public and the defendant in a speedy trial.  § 18 U.S.C. 3161(h)(7)(A).

The factors that a judge shall consider when determining whether to grant an ends of justice continuance include, but are not limited to: i) whether failure to grant the continuance would result in a miscarriage of justice, ii) whether the case is so unusual or so complex due to the nature of the prosecution or the existence of novel questions of fact that is unreasonable to expect adequate pretrial proceedings to commence within

the time limits of the Act, or iii) failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation and accounting for the exercise of due diligence.  § 18 U.S.C. 3161(h)(7)(B).

In the context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, (4) the need asserted for the continuance and the harm that could be suffered of the court's denial of the continuance. *See id*.  No single factor is determinative.  *See id.*

Mr. Askew seeks a continuance outside of the Speedy Trial Act deadlines under the Speedy Trial Act and *United States v. West.*  Mr. Askew asserts that the case is complex due to the legal and factual issues involved in this case and because failure to grant a continuance would deny his counsel the reasonable time necessary for effective preparation and accounting for the exercise of due diligence.  Additional time is needed to prepare both for the motions hearing and trial.  In particular, the legal issues that Mr. Askew has raised and is intending to raise are complex, time-consuming, and novel. Counsel has been diligent in filing motions in a timely fashion.

Mr. Askew intends to file a motion attacking the constitutionality of the statue on February 13, 2023 and will be requesting a hearing on that motion. The current motion hearing date of February 17, 2023 is prior to the February 23, 2023 deadline for the

government to respond to Mr. Askew's anticipated motion. To effectively represent Mr. Askew, undersigned counsel will need time to analyze the government's response, potentially file a reply, and prepare for a hearing. With the current trial date of March 6, 2023, there is insufficient time for him to fully prepare and litigate this anticipated constitutional motion and the five motions to suppress which were filed on February 1, 2023.

Counsel for Mr. Askew also needs additional time to conduct investigation, including the identification and interviewing of potential trial witnesses. The Court's ruling on the numerous motions that have and will be filed will impact the defense at trial. Mr. Askew is requesting additional time to be able to prepare and fully discuss all issues with his counsel in advance of the motion hearing, and between the motion hearing and trial.

Counsel for Mr. Askew has had insufficient time to meet and prepare with Mr. Askew for the current motion and trial date due to the conditions and location of his current confinement. Mr. Askew, who is housed in the Special Housing Unit in Englewood, does not currently have the ability to make calls to counsel, nor can counsel call into him. So, counsel is only able to communicate with Mr. Askew by visiting him in person Monday-Friday between the hours of 7:00 am – 2:00 pm. The limitations on communication necessitate additional time because issues cannot be discussed quickly, efficiently, or frequently. Mr. Askew and counsel request additional time to prepare and a 60-day continuance would accomplish that purpose.

The government does not oppose this request for a continuance. Both parties request that if the Court grants this Motion, that a hearing on all motions be scheduled in approximately the beginning of April 2023 and the jury trial be scheduled in May 2023.

The requested continuance would allow both sides to be sufficiently prepared for the legal and factual issues in the case. Neither side will be prejudiced by granting a continuance in this case.

This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Askew requests that this Court continue the motion hearing and jury trial and exclude 60 days from the speedy trial calculations.

Failure to grant the continuance in this case will result in a miscarriage of justice and would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

WHEREFORE, Mr. Askew respectfully request that this Court exclude 60 days from the speedy trial computation and continue the motion hearing and jury trial.

Dated: February 8, 2023

Respectfully submitted,

s/ *Dru Nielsen*
Dru Nielsen
Haddon, Morgan and Foreman, P.C.
950 17th Street, Suite 1000
Denver, CO 80202
Phone: 303.831.7364
Fax: 303.832.2628
Email: dnielsen@hmflaw.com

*Attorney for Leon Askew*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing *Unopposed Motion for Ends of Justice Continuance and to Vacate and Reset the Motions Hearing and Trial* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

s/ *Savanna Benninger*
Savanna Benninger