IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00145-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

LEON ASKEW,

 Defendant.

---

### RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS THE WARRANTLESS AND INVOLUNTARY SEARCH OF MR. ASKEW'S VEHICLE [ECF 23]

---

 The United States of America, by Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits the following response in opposition to the defendant's Motion to Suppress the Warrantless and Involuntary Search of Mr. Askew's Vehicle, ECF 23.

### FACTS

 On February 10, 2022, Bureau of Alcohol, Tobacco, Firearms, and Explosives Task Force Officer (TFO) Derek Exley and other members of the Colorado Springs Police Department arrived at the defendant's home and saw a 1995 Jeep Cherokee registered to him on scene. Ex. 1, pp. 1, 5. At that time, there existed two state arrest warrants for the defendant as well as a previously secured state search warrant for the home. The defendant was observed exiting the location and walking toward the vehicle. He was legally arrested on the arrest warrants. *See* Exs. 1, 3 (partially showing initial contact at

7:41).[1]

The defendant was placed in the rear of a police vehicle and asked consent to search the jeep. Ex. 1, p. 1. TFO Exley audio recorded the approximately 30-minute conversation, which included his requesting and receiving consent to search the vehicle. *See* Ex. 2 (1:41-5:40).[2] During the consent request, TFO Exley advised the defendant of his right to refuse, *id.* (1:44-1:57), and also, twice, that he could obtain a search warrant but that it would depend on a judge's approval, *id.* (1:57-2:07, 5:10-5:30). The defendant provided affirmative consent: "yeah you can search the jeep" and "there's nothing in the jeep." *See id.* (5:33-5:39, 11:24-11:33). After consent was obtained, the defendant was given *Miranda* warnings and continued to speak, admitting that he was working as an armed bank security guard and also engaging in a vigorous conversation about gun laws. The defendant did not revoke his consent at any point. *See id.* (5:39+).

The jeep was searched after the conversation, and a black handgun holster was recovered, which is circumstantial evidence to counts one and two of the Indictment, ECF 1. *See* Ex. 1, p. 1.

---

[1] Exhibits will be conventionally submitted. Ex. 1 is TFOs Exley's and Gulbrandson's reports. Discovered at inv_11 and inv_19.
   Ex. 2 is the recorded conversation between TFO Exley and the defendant. Discovered at inv_135.
   Ex. 3 is Officer Rogers' body worn camera partially showing the initial contact. Discovered at inv_213.
   Ex. 4 is Officer Rogers' body worn camera showing execution of the search warrant at the home. Discovered at inv_212.
   Ex. 5 is an envelope found during the execution of the search warrant in the home.

[2] At the beginning of the conversation, by the content, the government believes the defendant and TFO are speaking about the defendant's *pro se* lawsuit against the federal government, District of Kansas Case No. 20-cv-03058. The defendant also references the "court" and "paperwork" in later conversation about the search warrant, which the government believes also relates to Kansas case. An envelope related to that case was found during execution of the search warrant of the house. Ex. 5.

## **ARGUMENT**

The defendant argues that the defendant's consent was not voluntary because he was handcuffed, surrounded by officers, and had been advised that a search warrant could be obtained. ECF 23, pp. 4-5. The government disagrees.

I.

Consent is an exception to the warrant requirement of the Fourth Amendment, and the government bears the burden to prove that it is voluntary and not the product of coercion, express or implied, from the totality of circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 222 (1973). "The central question is whether a reasonable person would believe he was free to . . . disregard the officer's request." *United States v. Silva-Arteza*, 602 F.3d 1208, 1214 (10th Cir. 2010). Relevant considerations include,

> include physical mistreatment, use of violence, threats, promises, inducements, deception, trickery, or an aggressive tone, the physical and mental condition and capacity of the defendant, the number of officers on the scene, and the display of police weapons. Whether an officer reads a defendant his *Miranda* rights, obtains consent pursuant to a claim of lawful authority, or informs a defendant of his or her right to refuse consent also are factors to consider in determining whether consent given was voluntary under the totality of the circumstances

*United States v. Harrison*, 639 F.3d 1273, 1278 (10th Cir. 2011) (citing *United States v. Sawyer,* 441 F.3d 890, 895 (10th Cir. 2006)). No single factor is dispositive in assessing voluntariness. *Schneckloth*, 412 U.S. at 226.

II.

Here, consent was captured on audio recording, so the Court can examine the factors directly. TFO Exley is conversational and does not employ any explicit or implied

3

promises, threats, or trickery throughout. Rather, he is direct in answering the defendant's active questions, states his intentions in the current investigation, and advises the defendant directly that he does not need to provide consent. *See* Ex. 2 (1:41-5:40).

The nature and tone of the conversation deescalated any force that was used while initiating the arrest. *See United States v. Melendez-Garcia*, 28 F.3d 1046, 1055 (10th Cir. 1994) (even if force was used in arrest, deescalation in force can provide an intervening circumstance that purges the taint for later consent of search). Although the defendant was certainly handcuffed and detained in the back of a police car, that fact alone is not dispositive in light of the circumstances surrounding his consent. *See* Ex. 1. *See Silva-Arzeta,* 602 F.3d at 1214 (considering other factors in addition to handcuffs and detention). The defendant was not physically mistreated or aggressively surrounded by police at the time of consent. *See United States v. Cruz-Mendez*, 467 F.3d 1260, 1265 (10th Cir. 2006) (presence of officers not dispositive), *see also* Ex. 1 (TFO Gulbrandson's report indicating that he and others searched the apartment after taking the defendant into custody, showing that other officers were engaged in the house search while TFO Exley spoke to the defendant); Ex. 4 (body-worn camera footage of the officers executing the search warrant away from the defendant).

When TFO Exley advised the defendant twice that he could apply for a search warrant, he also acknowledged that it would not be guaranteed and only be given based upon on judicial review of probable cause. Ex. 2 (1:57-2:07, 5:10-5:30). In doing so, TFO Exley accurately indicated that he did not have lawful authority to search the vehicle at the time outside consent from the defendant. *Id.* Advising that a search warrant can be obtained is not *per se* coercive, *Cruz-Mendez*, 467 F.3d at 1267, and TFO Exley's

statements regarding a search warrant are so qualified and acknowledging of uncertainty that they do not rise to coercion.

Finally, TFO Exley provided *Miranda* warnings.[3] Ex. 2 (12:34-13:00). In the remaining 18-minute conversation, the defendant had ample opportunity to revoke his previously provided consent after *Miranda* but does not, indicating that his consent remained valid and implying he maintained his consent even after his rights were advised. *See, e.g., United States v. Jones*, 701 F.3d 1300, 1317 (10th Cir. 2012) (voluntary consent can be implied).

The circumstances indicate the defendant provided consent freely and voluntarily.

## CONCLUSION

Based upon the above arguments, this Court should deny the defendant's motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

---

[3] The government confirmed *Miranda* warnings were not provided prior to the recording. The defendant has not moved to suppress any of the conversation on Ex. 2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2023, I electronically filed the foregoing **RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS [ECF 26]** with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*s/ Lauren Timm*
Legal Assistant
United States Attorney's Office