IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00145-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEON ASKEW,

    Defendant.

**RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS THE UNCONSTITUTIONAL SEARCH OF MR. ASKEW'S RESIDENCE [ECF 24]**

The United States of America, by Cole Finegan, United States Attorney for the District of Colorado, and Attorney Albert Buchman, Assistant United States Attorney, respectfully submits the following response in opposition to the defendant's Motion to Suppress the Unconstitutional Search of Mr. Askew's Residence, ECF 24.

**FACTS**

On February 7, 2022, Bureau of Alcohol, Tobacco, Firearms, and Explosives Task Force Officer (TFO) Derek Exley secured a state search warrant to search the defendant's home. Ex. 1.[1] The warrant was executed on February 10, 2022, where additional ammunition in a magazine, additional live ammunition, a handgun case, miscellaneous firearm parts, and a bulletproof vest with a "security" patch were located. Ex. 2, p. 5. The additional ammunition recovered forms the basis of count two of the

---

[1] Exhibits will be conventionally submitted. Ex. 1 is the search warrant and affidavit, discovered at inv_28. Ex. 2 are police reports from the search, discovered at inv_11 and inv_19.

Indictment, and all the items found are circumstantial evidence supporting count one, ECF 1.

## ARGUMENT

The defendant argues that that search warrant was not supported by probable cause, specifically that the affidavit "is based exclusively on the inferential leap that if Mr. Askew returned to work as a security officer, his home would contain evidence of the firearms possession." ECF 24, pp. 5-6 ("Detective Exley had no actual, objective basis to suspect evidence of firearms possession would be in the home."). Essentially, he argues that there is no nexus between the crime and the place searched. The government disagrees.

I.

The "probable cause [required by the Fourth Amendment] to issue a search warrant exists when the supporting affidavit sets forth sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013). Put another way, whether there exists probable cause is a "commonsense, practical question" answered by evaluating the totality of the circumstances and turning on whether there is a "fair probability" that contraband or evidence will be in a particular place. *United States v. Biglow*, 562 F.3d 1272, 1281 (10th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

These principles apply both to whether a crime has occurred and to whether evidence of that crime will be in a particular place—the "nexus requirement." *United States v. Khan*, 989 F.3d 806, 816 (10th Cir. 2021). That is, the search warrant affidavit

2

does not need to establish with certainty that items will be in a particular place. It needs to describe "circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." *Id*. A judge can draw reasonable inferences from the information in the affidavit and consider the "practical considerations of everyday life." *Biglow*, 562 F.3d at 1279. Certain non-exhaustive factors relevant include: (1) the type of crime at issue, (2) the extent of a suspect's opportunity for concealment, (3) the nature of the evidence sought, and (4) all reasonable inferences as to where a criminal would likely keep such evidence. *Id*.

Courts should not review search warrants in a "hyper-technical manner"; they should be reviewed with common sense. *United States v. Ventresca*, 380 U.S. 102, 109 (1965). "If the [magistrate] judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners." *Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971); *United States v. Beck*, 139 F. App'x. 950, 954 (10th Cir. 2005). Once a judge has found probable cause and issued a warrant, the law discourages second-guessing. If the circumstances are "doubtful or marginal," the district court should give deference to the judgment of the magistrate judge. *Biglow*, 562 F.3d at 1282 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984)).

II.

Here, the affidavit establishes a sufficient nexus exists between the defendant's crime at the airport and the home to be searched. Moreover, it establishes sufficient nexus, in an anticipatory manner, between defendant's continuing work as an armed security guard and the home to be searched, as being armed is continually prohibited by

3

the defendant's status as a felon. That logic is outlined as follows.

First, TFO Exley listed facts that establish probable cause that the defendant committed the crime of state possession of a weapon by a previous offender under C.R.S. § 18-12-108 at the airport. *See* Ex. 1, ¶¶ 4, 5, 6, 10. Second, TFO Exley listed facts that confirmed that the defendant in fact lived at the address at the time of the application, describing his efforts in speaking with the defendant's federal probation officer and a woman at the address as well as a DMV search linking the defendant's vehicle to the location. *Id.* ¶¶ 7, 8. 9, *see United States v. Gonzalez*, 399 F.3d 1225, 1231 (10th Cir. 2005) (facts must establish residence belongs to or is otherwise linked to defendant).

Third, TFO Exley also articulated that the woman at the apartment provided knowledge that the defendant was still working as a security guard on the same date of the search warrant application. Ex. 1, ¶ 8. Moreover, he articulated that that woman stated the defendant would be returning to the location to be searched after his work was done. Ex. 1, ¶ 8. TFO Exley also articulated that the defendant admitted to working as an armed security guard eight days prior at the airport. *Id.* ¶ 5. These facts all show that the defendant is still working in an armed capacity, which establishes probable cause for a violation of state possession of a weapon by a previous offender under C.R.S. § 18-12-108. These facts also show that the defendant has physical access to the location to be searched and would likely return to that location.

Fourth, TFO Exley articulated items sought that relate to procurement of and possession of the firearm at the airport or additional firearms. *Id.* ¶¶ 11. This leads to the direct inference that the defendant may be in continued possession of firearm evidence related to his present and past work in his home.

Here, it can be reasonably concluded that the defendant's home would contain items related to the possession at the airport, as it is noted that the defendant had been traveling frequently which leads to the additional inference that his home would be a likely place to store items with which he did not travel. Regardless of whether the gun was seized or not, the affidavit established that it sought items that establish the procurement of the firearm recovered at the airport. *See* Ex. 1, ¶ 11. Fundamentally, "[a]n affiant officer need not draw an explicit connection between a suspect's activity and his residence for a Fourth Amendment nexus to exist." *Biglow*, 562 F.3d at 1280. Rather, a judge may make inferences drawn from the evidence. *Id.* (probable cause is a matter of "probabilities and common-sense conclusions); *United States v. Campbell*, 603 F.3d 1218, 1231 (10th Cir. 2010) (nexus exists when it describes circumstances which would warrant a person of reasonable caution in the belief that the items are at the location).

Also, it can be reasonably concluded that the defendant may have procured an additional firearm in his continued work as an armed security guard in the seven-day time frame since his gun was seized at the airport, and that the home is another likely place evidence to that effect would be found. The defendant's continuing work as an armed security guard would be a new violation of state possession of a weapon by a previous offender under C.R.S. § 18-12-108 apart from the events at the airport. *See id.*

In fact, paragraphs 7 and 8 establish that the defendant had returned to Colorado since his trip to Arizona, leading to the inference that the defendant had been back to the location to be searched and had subsequently gone to Denver to continue his work in, what is known as armed, security. These reasonable inferences, alone and in combination, lead to the judge's appropriate nexus determination.

5

III.

The defendant argues that the good faith exception should not apply because the affidavit did not establish "objectively reasonable and substantial likelihood" that further evidence would be located in the home. ECF 24, p. 7. The government disagrees.

Even if a warrant authorizing search was not supported by probable cause that establishes nexus to the home, evidence need not be suppressed if the officer executing the warrant acted in good-faith reliance on the judge's approval. *United States v. Cotto*, 995 F.3d 786, 796 (10th Cir. 2021). The good-faith exception applies if the affidavit supporting the warrant supports a "minimally sufficient nexus between the illegal activity and the place to be searched," a standard less than what is required to show probable cause and not requiring hard evidence or personal knowledge of illegal activity linking the unlawful activity to the home. *Id.* (quoting *United States v. Campbell*, 603 F.3d 1218, 1231 (10th Cir. 2010) and *United States v. Barajas*, 710 F.3d 1102, 1110-11 (10th Cir. 2013).

By the same reasoning in section II, *supra*, the affidavit was not so devoid of factual support to render TFO Exley's and other officers' reliance on it unreasonable. In executing it, he could reasonably infer that the defendant was storing evidence of his criminal activity at the home. *See Cotto*, 995 F.3d at 798 (discussing cases where an affidavit contained no facts linking the crime and house); *see also United States v. Nolan*, 199 F.3d 1180, 1195 (10th Cir. 1999) (framing the good faith analysis as examining a "bare bones" affidavit "wholly devoid" of factual support regarding nexus). Accordingly, the federal and state investigators relied on good faith on the search warrant obtained.

**CONCLUSION**

6

Based upon the above arguments, this Court should deny the defendant's motion.

        Respectfully submitted,

        COLE FINEGAN
        United States Attorney

        By:  *s/ Albert Buchman*
        ALBERT BUCHMAN
        Assistant United States Attorney
        U.S. Attorney's Office
        1801 California St. Suite 1600
        Denver, CO 80202
        (303) 454-0100
        Al.Buchman@usdoj.gov
        Attorney for the Government

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2023, I electronically filed the foregoing **RESPONSE TO THE DEFENDANT'S MOTION TO SUPPRESS THE UNCONSTITUTIONAL SEARCH OF MR. ASKEW'S RESIDENCE [ECF 24]** with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

                *s/ Lauren Timm*
                Legal Assistant
                United States Attorney's Office